William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Avenue, Suite 1100
New York, New York 10022
Phone: (212) 286-1425; Fax: (646) 688-3078

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR MARTINEZ, ESMELIN GONZAGA, :
JUAN RAMIREZ, Individually and on : ECF
Behalf of All Other Persons Similarly Situated, :
 :
 : 13 Civ. 2644 (LGS)
                Plaintiffs, :
 :
        -against- :
 :
MIDTOWN CLEANER, INC., MIDTOWN :
CLEANERS II, INC., BYUNG Y. KIM, :
and JOHN DOES #1-10 :
 :
                Defendants. :
-----------------------------------------------------------------X

## DECLARATION OF WILLIAM C. RAND, ESQ. IN OPPOSITION TO DEFENDANTS' ATTORNEYS' MOTION TO WITHDRAW AS COUNSEL

I, **WILLIAM C. RAND**, hereby declare under penalty of perjury under the laws of the United States of America that the following is true:

1. I am the principal attorney at the Law Office of William Coudert Rand and submit this declaration in opposition to Defendants' Attorney's Motion to Withdraw as Counsel.

2. Plaintiffs do not oppose the withdrawal of defense counsel, but Plaintiffs do oppose the 60 day stay.

3. Plaintiffs do not oppose a 30 day stay during which Defendants can find new counsel as long as the statute of limitations applicable to any FLSA opt-in Plaintiff is

1

tolled for the period from July 19, 2013 (Defendants deadline to respond to Plaintiff's Motion for Approval of FLSA Collective Action Notice; see Order dated June 19, 2013), until the date constituting Defendants' adjourned reply deadline.

4. The tolling is necessary to prevent prejudice to potential FLSA opt-in plaintiffs because the statute of limitations is running against the potential opt-in plaintiffs and will not stop until their opt-in forms are filed. *See* cases cited on page16 of Plaintiffs' brief in support of collective action certification.

5. Plaintiffs also oppose Defendants' request that the corporate defendant be permitted to appear *pro se* because under the law, a corporate defendant must appear through counsel. *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006) (noting that corporations must appear by counsel and cannot proceed pro se).

Dated: July 25, 2013

                                                  S/ William C. Rand, Esq.
                                                  _____
                                                  William C. Rand, Esq.