```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
VICTOR MARTINEZ, *et al.*,                                  :
                    Plaintiffs,            :
                                                            :   13 Civ. 2644 (LGS)
          -against-                                        :
                                                            :   OPINION AND ORDER
MIDTOWN CLEANER, INC., *et al.*,                            :
                    Defendants.            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs Victor Martinez, Esmelin Gonzaga and Juan Ramirez, on behalf of themselves and others similarly situated, bring this action against two corporations that are drycleaners in Manhattan, Byung Y. Kim, their owner, and John Doe defendants. Plaintiffs' claims arise under the Federal Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("NYWTPA"). Before the Court is Plaintiffs' Motion for Approval of Collection Action Notice ("Motion to Certify").

      For the reasons stated below, Plaintiffs' Motion to Certify is granted in its entirety.

**I. Background**

      On April 23, 2013, Plaintiffs filed a Class Action Complaint against thirteen Defendants, alleging violations of the FLSA, NYLL and NYWTPA. On June 27, 2013, Plaintiffs filed the Amended Class Action Complaint, asserting claims against two corporate and eleven individual defendants (the "Defendants"). In the Complaint, Plaintiffs allege the following facts:

      Plaintiff Martinez worked full time as a packer and delivery employee at Midtown Cleaner, Inc. and Midtown Cleaners II, Inc. (collectively "Midtown") in New York City from December 10, 2012, to April 26, 2013. During his employment, he worked Monday through

Friday from 7:00 a.m. to 7:00 p.m., and on Saturday from 8:00 a.m. to 6:00 p.m., for a total of approximately 68 hours per week.  Martinez was paid a salary of $400 per week in cash every week at the end of his Saturday shift.  Despite working the aforementioned hours, he was not paid at a level satisfying the minimum wage, nor was he paid overtime compensation or premium wages for days in which he worked more than 10 hours.  Martinez did not sign in or out of his job, nor did he use a punch-card or scanner.  Additionally, Martinez was terminated at the end of his shift the day after Defendant. Kim received a copy of the original Complaint in this action.

  Plaintiff Gonzaga worked full time as a delivery employee for the Defendants from March 19, 2013, to April 12, 2013.  During his first week of work, he was scheduled for the same hours as Martinez, and was paid $450 in cash.  Subsequently, he did not work on Saturdays and received only $375 in cash for his 57.5 hour work week.  Like Rodriguez, he did not sign, scan or punch into or out of work in any way.  During his time working for the Defendants, Gonzaga received an hourly wage of $6.72 per hour during his first week, and $6.52 per hour in subsequent weeks.  Like Martinez, Gongaza was never paid minimum wage for his hours worked, overtime pay for his hours worked in excess of 40, or premium wages for days in which he worked a spread of more than 10 hours.

  Plaintiff Ramirez was employed full time as a cashier and stock clerk by the Defendants from March 11, 2013, to the present.  He worked the same hours as Martinez, and received a salary of $600 per week in cash.  Despite working approximately 68 hours per week he did not receive overtime compensation, or premium wages for days in which he worked more than 10 hours.  Ramirez did not sign in or out of his job, nor did he use a punch-card or scanner.

  While employed by the Defendants, all three Plaintiffs worked with other employees who similarly were not paid at a level satisfying the minimum wage, not paid overtime, nor premium

wages for days in which they worked a spread of at least 10 hours.  Both corporate Defendants are owned and operated by Defendant Kim, who personally supervised the Plaintiffs and controlled the day-to-day operations of both stores.

Based on the foregoing allegations, Plaintiffs advance the following claims: First, Defendants withheld minimum wages, overtime pay and pay for all hours worked from the Plaintiffs and those similarly situated at the two stores for a period of six years prior to the filing of the Original Complaint, in knowing violation or willful disregard of the FLSA.  Second, Defendants knowingly withheld the same payments as well as a "spread of hours" premium for each day worked 10 or more hours from Plaintiffs and other New York employees who were similarly situated within six years of the filing of the Original Complaint, in willful violation of the NYLL.  Third and fourth, Plaintiff Martinez alleges violation of the FLSA and the NYLL for retaliatory termination. On July 2, 2013, Plaintiffs moved for conditional certification of the action as a collective action and court facilitation of notice.

## II. Discussion

### A. Legal Standard for Conditional Certification

Although the Second Circuit has never offered a definitive standard for the conditional certification of collective actions under the FLSA, it has endorsed the two-step approach widely used by the district courts in this circuit and by other circuit courts. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010) ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which . . . we think is sensible."); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006).  "The first step involves the court making an initial determination to send notice to

potential opt-in plaintiffs who may be 'similarly situated' to the Plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. The second step, typically taken upon the completion of discovery, requires the court to determine, "on a fuller record, . . . whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the Plaintiffs." *Id.* "The action may be 'de-certified' if the record reveals that they are not . . . ." *Id.*

To establish that the named plaintiffs are "similarly situated" to the potential opt-in plaintiffs in the first stage of the inquiry, they must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist . . . ." *Id.* (internal quotation marks and citations omitted).

In addition, while the statute of limitations under FLSA is at most three years for willful violations, courts in the Second Circuit have found it useful to facilitate notice for periods up to six years where the evidence proffered by plaintiffs suggests that potential "similarly situated" employees may have timely claims under the NYLL. *Schwerdtfeger v. Demarchelier Mgm't, Inc.*, No. 10 Civ. 7557, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011). This over-inclusive period promotes the interest of judicial economy by requiring defendants to submit lists just once when conducting discovery. *See Li v. 6688 Corp. d/b/a Sammy's Noodle Shop & Grill*, No. 12 Civ. 6401, 2013 WL 5420319 (S.D.N.Y. Sept. 27, 2013); *see also, Schwerdtfeger*, 2011 WL 2207517, at *6. Furthermore, "even where claims are untimely under FLSA, they may shed light

on the appropriateness of certifying a class action under the NYLL." *Harhash v. Infinity W. Shoes, Inc.*, No. 10 Civ. 8285, 2011 WL 4001072, at *4 (S.D.N.Y. Aug. 25, 2011). Following this practice, a court "will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. If, on this fuller record, it is determined that other employees are not similarly situated the district court will "de-certify" the action. *Id.*

### B. Analysis

In the Complaint, Plaintiffs define the collective action class for which they seek conditional certification as "all persons who are or were formerly employed by Defendants at any time since April 23, 2007 to the entry of judgment in this case . . . who were non-exempt employees within the meaning of the FLSA and who were not paid for all of their hours worked, and were not paid minimum wages, and/or overtime wages . . ."

As for facts suggesting the existence of a common policy, the Complaint alleges that Mr. Kim is the owner of both stores, and is in charge of their day-to-day operation. He was responsible for interviewing Ramirez and Martinez, and set the schedules for all three Plaintiffs. Kim personally told Martinez and Ramirez that they could not be paid by check, but would receive cash. The Complaint further alleges that "the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked, and/or overtime wages for all of their hours worked over 40 in a workweek."

Plaintiffs submitted three declarations, one by each of the Plaintiffs, in support of the Motion to Certify. The declarations corroborate the allegations in the Complaint that the two stores had common wage and hour practices. The declarations by Martinez and Ramirez also offer exhibits showing hand-written pay sheets tracking their hours worked and noting their

payments.  Martinez states that he

> . . . know [s] others like [him] were not paid overtime at time and one half and were not paid spread of hours pay by Defendants because [he] frequently heard other similar employees, including but not limited to Victor Martinez (delivery employee), Mike [last name not known] (cashier/stock clerk) and Efmelen Gonzaga (delivery employee), complain that they worked more than 40 hours a week and were not paid overtime and were only paid a weekly salary.

In nearly identical language, Martinez states that he derived his knowledge of the wage and hour practices in the same way.

Based on the Complaint, Plaintiffs' declarations and exhibits, Plaintiffs have made the necessary "modest factual showing" that similarly situated potential opt-in plaintiffs exist at the two stores for which Plaintiffs allege that they have personal knowledge of the common compensation policy.  *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 WL 7142139, at *1 (S.D.N.Y. Aug. 9, 2007) (granting conditional certification on allegations in the complaints and affidavits as the sole bases for the factual showing); *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 WL 1084556, at *2 n.2 (S.D.N.Y. Apr. 24, 2006) (same); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *4-5 (S.D.N.Y. Nov. 30, 2005) (same).  Leniency in favor of Plaintiffs at this stage comports with the spirit of the two-step approach and its "low standard of proof" at the first step.  *Myers*, 624 F.3d at 555.

### III.  Conclusion

For the foregoing reasons, conditional certification of the class, defined as requested in Paragraph Eighteen of the Complaint, is GRANTED.  The parties shall confer and submit an agreed form of notice, consistent with the above opinion, by **November 8, 2013**.

SO ORDERED.

Dated: October 29, 2013
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE